# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

NO. 5:08-CR-00130-FL-1
NO. 5:11-CV-00557-FL

| | | |
|---|---|---|
| DIVINE JUSTICE REDDICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-56) petitioner Divine Justice Reddick's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). (DE-50). Reddick has responded (DE-65), and the government's motion to dismiss is therefore ripe for adjudication. Reddick also seeks appointment of counsel. (DE-53). Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-56) be GRANTED and that Reddick's motion to vacate (DE-50) and motion to appoint counsel (DE-53) be DENIED.

## I. BACKGROUND

On May 15, 2008, a grand jury issued a three-count indictment charging Reddick with (1) bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); (2) using and carrying a firearm during

1

and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE-3). Reddick pled guilty to counts one and two of the indictment pursuant to a written plea agreement on September 8, 2008. (DE-26, DE-28).

On December 4, 2008, the United States probation office submitted Reddick's presentence investigation report (the "PSR") to the district court. On count one, the PSR recommended a sentencing guidelines range of 51 to 63 months of imprisonment, predicated on a total offense level of 20 and a criminal history category of IV. PSR 9, DE-31. With respect to count two, the PSR recognized that the applicable guidelines sentence was the statutory minimum consecutive term of 84 months. *See* 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4(b). In the "Impact of the Plea Agreement" section of the PSR, the probation officer explained that the prosecution's dismissal of count three significantly impacted Reddick's advisory guidelines range. PSR 10, DE-31. Had Reddick been convicted on count three, the PSR explained, "he would have been designated as an Armed Career Criminal and would be subject to a statutory penalty of [180 months] to Life on that count and his criminal history category would be VI rather than IV." *Id.* Under that scenario, Reddick would have been subject to (1) a guidelines range of 70 to 80 months on count one; (2) a consecutive 84-month statutory minimum sentence on count two; and (3) a concurrent 180-month statutory minimum sentence on count three. Thus, had he been convicted on count three, Reddick would have faced a statutory minimum of 264 months. Because Reddick's advisory guidelines range (51 to 63 months on count one and a minimum of 84 months on count two) fell well below 264 months, the PSR noted that the district court "may wish to consider an upward departure pursuant to 4A1.3 (Departures Based on Inadequacy of Criminal History Category) and 5K2.21 (Dismissed and Uncharged Conduct) based upon the dismissal of

2

Count [Three]." *Id.* at 11.

Defense counsel objected to the PSR's calculation of Reddick's criminal history category, arguing that his criminal history category should be III instead of IV. Addendum to the PSR 12, DE-31. Defense counsel argued this objection at the sentencing hearing conducted on December 11, 2008. Sent. Hr'g Tr. 6:3-25, 7:1-4, DE-44. At the sentencing hearing, the district court expressed concern with the discrepancy between the advisory guidelines range calculated by the PSR and the minimum of 264 months that would have accompanied a conviction on count three. *Id.* at 8:22-25, 9:1. In response, the government acknowledged that, when it agreed to dismiss count three, it had miscalculated Reddick's predicate convictions and did not recognize that he would have qualified as an armed career criminal had he been convicted on count three. *Id.* at 9:2-10; 14:8-11. The prosecution maintained, however, that a within-guidelines sentence on count one (51 to 63 months), plus 84 months on count two, would sufficiently serve the sentencing factors of 18 U.S.C. § 3553(a). *Id.* at 9:11-22; 14:23-25, 15:1-3. Defense counsel also addressed the district court's concern and argued in favor of a within-guidelines sentence.

Despite these arguments, the district court departed upward and imposed a 200-month sentence, consisting of an above-guidelines sentence of 116 months on count one and a consecutive 84 months on count two. The district court relied on two separate guidelines provisions to support its upward departure. First, it applied guidelines section 4A1.3, which authorizes an upward departure when, inter alia, a defendant's criminal history category substantially under-represents the likelihood that he will commit other crimes. *See* U.S.S.G. § 4A1.3(a)(1). Second, the district court applied guidelines section 5K2.21, which authorizes an upward departure that reflects the actual seriousness of the defendant's offense based on conduct underlying a charge dismissed under a plea agreement. The district court then assessed and

3

applied the § 3553(a) sentencing factors, concluding that a sentence within the guidelines range as originally calculated would be insufficient to achieve the purposes of sentencing.

Reddick appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed Reddick's conviction and sentence on June 16, 2010. (DE-45, DE-46). The United States Supreme Court denied Reddick's petition for writ of certiorari on November 15, 2010. *See* United States v. Reddick, 383 F. App'x 288 (4th Cir.), *cert. denied*, Reddick v. United States, 131 S. Ct. 617, 178 L. Ed. 2d 448 (2010).

In the instant § 2255 motion filed October 12, 2011, Reddick argues his trial counsel was ineffective for failing to challenge a two-point enhancement under U.S.S.G. § 4A1.1 and for failing to object to the calculation of Reddick's criminal history category based on multiple prior state court convictions that were consolidated for purposes of sentencing. The government contends these issues are without merit and asks the Court to dismiss Reddick's motion to vacate.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

The government seeks to dismiss Reddick's petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." Id. at 570.

## B. **28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

## C. **Ineffective Assistance of Counsel**

Reddick asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To demonstrate prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

With these legal precepts in mind, the undersigned considers the present claims.

## III.  ANALYSIS

Reddick contends his counsel was deficient in (1) failing to object to a two-point enhancement of his criminal history points under U.S.S.G. § 4A1.1 and for (2) failing to object to the calculation of his criminal history points based on multiple prior convictions that were consolidated in the state court for sentencing purposes but counted as separate convictions in the federal district court. These arguments are addressed in turn.

### A.  Failure to Object to Application of U.S.S.G. § 4A1.1(e)

At the time of sentencing, Reddick's PSR calculated his total criminal history points as seven, with a resulting criminal history category of IV. PSR 6, DE-31. Five of the seven points were

6

based upon his past criminal convictions, with the remaining two points ("recency points") added pursuant to U.S.S.G. § 4A1.1(e), based on the fact that Reddick committed the instant offense within two years of being released from prison for a prior offense. Congress passed an amendment to United States Sentencing Guidelines § 4A1.1(e) on November 1, 2010 that eliminated the consideration of "recency points." *See* 18 U.S.C.S. Appx C, Amend. 742. Reddick contends that, at the time of his sentencing, the Sentencing Commission had submitted its proposed amendment to Congress to eliminate the recency points, and that his counsel should have therefore objected to the two-point increase. The undersigned finds no merit in this argument.

The amendment to U.S.S.G. § 4A1.1(e) did not take effect until November 1, 2010, almost two years after Reddick was sentenced. The amendment is not retroactive. *See, e.g.*, United States v. Jones, No. 4:98-cr-89, 2010 U.S. Dist. LEXIS 132306, *3-6 (W.D.N.C. Dec. 6, 2010); Adams v. Owens, No. 3:11-524-CMC-JRM, 2011 U.S. Dist. LEXIS 67416, *11-13 (D.S.C. May 27, 2011). As such, defense counsel was under no professional obligation to challenge the application of U.S.S.G. § 4A1.1(e) where it clearly applied to Reddick under the guidelines in effect at the time of his sentencing. *See* Baker v. Corcoran, 220 F.3d 276, 293 n.15 (4th Cir. 2000) (stating that counsel is not constitutionally deficient for failing to raise a meritless challenge). Accordingly, Reddick can show no deficiency in performance. Further, as explained *infra*, even if Reddick could show deficiency in performance, he fails to show any prejudice inasmuch as his sentence was primarily driven by the district court's decision to depart upward from the sentencing guidelines.

To the extent Reddick may be arguing the district court erred in applying U.S.S.G. § 4A1.1(e), Reddick waived the right to challenge his sentence in his plea agreement. *See* White v. United States, Nos. 4:06-CR-068-FL-1, 4:11-CV-083-FL, 2012 U.S. Dist. LEXIS 103689, *16-18

(E.D.N.C. July 24, 2012) (concluding that the petitioner's claim to sentence reduction because of the amendment of U.S.S.G. § 4A1.1(e) constituted an impermissible challenge to his sentence barred by the appeal and collateral challenge waiver in his plea agreement). Finally, Reddick has procedurally defaulted on this claim, as he could have presented this issue on appeal but did not. *See* Bousley v. United States, 523 U.S. 614, 622 (1998).

For all of these reasons, the undersigned recommends that the Court grant the government's motion to dismiss Reddick's claim of ineffective assistance of counsel arising from counsel's failure to challenge the two-point enhancement pursuant to U.S.S.G. § 4A1.1(e).

### B.  Failure to Object to Criminal History Category

Reddick argues his counsel failed to object to the calculation of his criminal history points based on multiple state court convictions. This argument is simply unsupported by the record. In fact, defense counsel objected to the calculation of Reddick's criminal history points, Addendum to the PSR, DE-31, and orally pursued this argument at the sentencing hearing. Sent. Hr'g Tr. 6:3-25, 7:1-4, DE-44. That this argument was unsuccessful reflects the evidence and law before the court, not deficient performance by counsel. To the contrary, the district court expressly complimented defense counsel on being a "very effective advocate." *Id.* at 25:24. Thus, Reddick fails to show any deficiency in his counsel's performance.

Even if Reddick could establish that his counsel's performance fell below an objective standard of reasonableness, he still would not be entitled to relief because he has not alleged facts to show that he was prejudiced by his counsel's performance. Instead, the record reflects that his counsel's efforts resulted in a favorable plea agreement, whereby he avoided being sentenced as an armed career criminal. The plea agreement also provided Reddick with a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Indeed, the plea

8

agreement was so favorable to Reddick that the district court departed upward from the sentencing guidelines in order to impose an appropriate sentence. At sentencing, the district court found that Reddick's criminal history category did not adequately represent the seriousness of his criminal history or the likelihood that he would commit other crimes and that an upward departure was warranted. Despite argument by defense counsel and even the prosecutor that a within-guidelines sentence was adequate, the district court departed upwards and imposed an above-guidelines sentence. This sentence was upheld on appeal by the Fourth Circuit. Thus, Reddick's sentence was driven not by his criminal history category but by the district court's upward departure. As such, further argument by defense counsel regarding Reddick's criminal history category would not have resulted in a more lenient sentence. Glover, 531 U.S. at 202-04; Russell, 34 F. App'x at 928. Accordingly, Reddick's claim of ineffective assistance of counsel lacks foundation and should be dismissed.

For these reasons, the undersigned recommends that the Court grant the government's motion to dismiss Reddick's claim of ineffective assistance of counsel arising from counsel's alleged failure to challenge the calculation of his criminal history points based on multiple prior convictions.

### C. Motion for Counsel

Reddick requests in letter form that counsel be appointed to assist him in his § 2255 case. (DE-53). As grounds for the motion, Reddick states that he is "ignoran[t] of the law and certain procedures." Pet'r's Mot. for Appointment of Counsel. DE-53.

"There is no constitutional right to counsel in § 2255 cases." Williams v. United States, Nos. 7:08-CR-101-FL-1, 7:10-CV-113-FL, 2011 U.S. Dist. LEXIS 121254, *2-3 (E.D.N.C. Oct. 18, 2011) (citing Vandenades v. United States, 523 F.2d 1220, 1225-1226 (5th Cir. 1975) and Smith v.

Clerk's Office, United States Courthouse, 194 F.3d 1305, 1999 WL 760450, *1 (4th Cir. Sept. 24, 1999)). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the court may nonetheless appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation.

In the instant case, Reddick has failed to demonstrate any circumstances warranting the assistance of counsel. Although he pleads ignorance of the law, Reddick has more than adequately articulated his claims and positions. Furthermore, his case presents no complex legal issues requiring assistance of counsel in the interests of justice. The undersigned therefore recommends that Reddick's motion for appointment of counsel be denied.

## IV. CONCLUSION

Because Reddick fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's purported errors, the undersigned finds that Reddick has not sustained his claim of ineffective assistance of counsel. The undersigned further concludes that Reddick has failed to demonstrate that appointment of counsel is necessary in the interests of justice. Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-56) be GRANTED and that Reddick's motions to vacate (DE-50) and for appointment of counsel (DE-53) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 27, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE