IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-130-FL-1
5:11-CV-557-FL

| | | |
|---|---|---|
| DIVINE JUSTICE REDDICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 50) and respondent's motion to dismiss (DE 56). Also before the court is petitioner's motion to appoint counsel (DE 53). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that the court grant respondent's motion to dismiss and deny petitioner's motion to vacate and motion to appoint counsel. For the reasons that follow, the court grants the motion to supplement and adopts the findings and recommendation of the magistrate judge.

## BACKGROUND

Petitioner was charged in an indictment with (1) bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); (2) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner plead guilty to counts one and two of the indictment

pursuant to a written plea agreement on September 8, 2008. Petitioner was sentenced to a term of imprisonment of 200 months, consisting of an above-guidelines sentence of 116 months on count one and statutory minimum consecutive term of 84 months on count two. The court departed upward from the guidelines range on the ground that defendant's criminal history category substantially under-represented the likelihood that he will commit other crimes and to reflect the actual seriousness of the defendant's offense based on conduct underlying the dismissed charge, and upon application of the § 3553(a) sentencing factors. The Fourth Circuit affirmed the judgment, and the United States Supreme Court denied petitioner's petition for writ of certiorari.

Petitioner filed his § 2255 motion on October 12, 2011, arguing that his trial counsel was ineffective for failing to challenge a two-point enhancement under U.S.S.G. § 4A1.1 and for failing to object to the calculation of criminal history points based upon prior state convictions consolidated for sentencing. The government moved to dismiss petitioner's § 2255 motion, and petitioner responded in opposition. On September 27, 2012, the magistrate judge entered M&R recommending that the court grant respondent's motion to dismiss, and deny petitioner's motion to vacate. Petitioner filed an objection to the M&R and a motion for extension of time to file objections, which the court granted on November 20, 2012.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

2

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his objection, petitioner reiterates his arguments in support of his ineffective assistance of counsel claims, which the magistrate judge thoroughly addressed in the M&R. To state a claim for ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court is very deferential to counsel's performance. Id. at 689. Second, petitioner must show that he was prejudiced by the ineffective assistance to the extent that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

As set forth in the M&R, petitioner's claims fail both prongs of the ineffective assistance of counsel test. In particular, petitioner cannot show that failure to object to the sentencing enhancements asserted fell below the objective standard of reasonableness, where counsel raised pertinent objections to the PSR and raised arguments in support of a sentence within the guidelines range. Petitioner also has not shown that counsel's alleged deficiencies prejudiced petitioner, where the court departed upward from the guideline sentencing range in order to impose an appropriate sentence adequately taking into account the statutory sentencing factors.

Petitioner also raises several arguments challenging the substantive reasonableness of the sentence imposed. (Obj. 3-5). Where these arguments were already raised on direct appeal, or could

3

have been, see United States v. Reddick, 383 Fed. Appx. 288, 292-93 (4th Cir. 2010), they do not provide a basis for a § 2255 motion.

In sum, petitioner's objection does not remedy the deficiencies noted in the M&R, and it provides no basis to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. For the reasons stated therein, petitioner's motion for appointment of counsel (DE 53) is DENIED. Petitioner's motion to vacate is DENIED (DE 50), and respondent's motion to dismiss is GRANTED (DE 56).

SO ORDERED, this the 20th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge